# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIVAKARAN D. ANBUDAIYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 11 C 8893 |
| STATE OF ILLINOIS DEPARTMENT ) | |
| OF FINANCIAL AND PROFESSIONAL ) | |
| REGULATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Divakaran D. Anbudaiyan has sued his former employer, the Illinois Department of Financial and Professional Regulation (Department under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 & 2000e-3, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. The Department has moved to dismiss Mr. Anbudaiyan's complaint for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants the motion in part and denies it in part.

## Background

The facts are taken from Mr. Anbudaiyan's amended complaint. Mr. Anbudaiyan is 62 years old and of Indian descent. He began working for the State of Illinois in 1989 at the Dwight Correctional Center. In 2000, Mr. Anbudaiyan began working for the Department as a Level I Financial Institutions Examiner in the Credit Union Section, and he was later promoted to the position of Level II Examiner. In 2004, Mr. Anbudaiyan

received another promotion and was transferred to the Department of Human Services. In this capacity, he worked at the Elgin Mental Health Center.

In 2006, Mr. Anbudaiyan transferred back to the Department and took a voluntary seniority reduction back to a Level I Examiner position. In August 2007, Mr. Anbudaiyan accepted a promotion to a Level III Examiner in the Credit Union Division. His new job required him to work in Greenville, Illinois and to move to Bond County.

Mr. Anbudaiyan alleges after he started working in Greenville, he began experiencing harassment from his superiors. Keith Errett, the Credit Union Division's acting assistant supervisor, told the Division's human resources director, Richard Foxman, that Mr. Anbudaiyan had no plans to move to Bond County even though his new position required him to do so. Mr. Foxman initiated an investigation of Mr. Anbudaiyan in October 2007 but ended the investigation when Mr. Anbudaiyan proved that Mr. Errett's claim was false. Mr. Anbudaiyan states he endured five more months of harassment from his superiors as the result of travel expenses related to his commute to and from Greenville.

In July 2008, Mr. Anbudaiyan returned to a Level I Examiner position in the Department's Mortgage Banking Division. Earlier in 2008, Mr. Anbudaiyan had applied for the position of acting assistant supervisor of the Credit Union Division. He did not get the promotion despite the fact that he was one of the eligible staff members who were supposed to receive the position on a rotational basis. The apparent reason was that the Department's collective bargaining agreement with AFSCME, of which Mr. Anbudaiyan is a member, had been modified to provide that the person holding the acting assistant supervisor position was allowed to keep it for a longer period of time.

The person who continued to hold the position was Caucasian.

In June 2010, Mr. Anbudaiyan applied for a promotion to Level III Bank Examiner. He was passed over for the promotion, which went to a younger, African-American woman. After he did not get certain other promotions, and after allegedly being investigated when he applied for promotions, Mr. Anbudaiyan filed a charge of discrimination with the Equal Opportunity Commission (EEOC) on December 2, 2010. The charge stated, "I believe I have been discriminated against because of my race, Asian, national origin, Indian, and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my age 62 (date of birth: February 5, 1949), in violation of the Age Discrimination in Employment Act of 1967, as amended." Am. Compl., Ex. A. The boxes indicating discrimination on the basis of race, national origin, sex, retaliation, and age were checked. The EEOC issued a right to sue letter on September 15, 2011.

In his amended complaint, Mr. Anbudaiyan claims to have "suffered an adverse employment action, specifically, the repeated refusal to honor his earned and contractual promotions from 2008 through 2010, for which the Department is responsible." Am. Compl. ¶ 25. The amended complaint includes claims of race discrimination in violation of Title VII, national origin discrimination in violation of Title VII, retaliation in violation of Title VII, age discrimination in violation of the ADEA, and breach of contract.

The Department has moved to dismiss Mr. Anbudaiyan's complaint under Federal Rule of Civil Procedure 12(b)(6). It argues as follows:

1) Mr. Anbudaiyan's claims under Title VII and the ADEA are barred to the

3

extent they involve matters that occurred more than 300 days before he filed his EEOC charge;

2) Mr. Anbudaiyan's allegations regarding harassment in August 2007 should be stricken because they have no bearing on the present claims;

3) Mr. Anbudaiyan's retaliation claim fails because any protected activity he alleges occurred after the alleged adverse employment actions;

4) Mr. Anbudaiyan has pled himself out of court on his ADEA claim because he has admitted age is not the "but-for" cause of any purported discrimination; and

5) The Court lacks subject matter jurisdiction over Mr. Anbudaiyan's breach of contract claim due to the Eleventh Amendment.

**Discussion**

In assessing Mr. Anbudaiyan's claims, the Court reads his amended complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the plaintiff's] favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). To survive the Department's motion, Mr. Anbudaiyan's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A complaint fails to state a claim "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

1.  **Breach of contract claim**

Mr. Anbudaiyan has conceded that the Court lacks subject matter jurisdiction over his breach of contract claim against the Department, an agency of the State of Illinois. The Court therefore dismisses this claim without prejudice for lack of subject matter jurisdiction.

2.  **ADEA claim**

To succeed on his ADEA claim, Mr. Anbudaiyan ultimately will have to prove that his age was a but-for cause of the alleged adverse employment action. *Gross v. FBL Fin. Servs., Inc.* 557 U.S. 167, 176 (2009). The Department contends that Mr. Anbudaiyan has effectively conceded that his age was not a but-for cause in his case because he has also claimed that the Department discriminated against him based on his race and national origin and retaliated against him for activity protected under Title VII. Specifically, the Department argues that Mr. Anbudaiyan has "admitt[ed] that age was not the singular, or decisive reason for [the Department's] failure to promote him." Def.'s Mem. at 12.

Putting aside whether the but-for standard requires a plaintiff to require that age was "the singular" reason for adverse action – which the Court rather doubts – Mr. Anbudaiyan has not "pled himself out of court" by asserting alternative claims of discrimination. Federal Rule of Civil Procedure 8(d)(2) permits a party to pursue alternative claims. *See Brown v. United States,* 976 F.2d 1104, 1108 (7th Cir. 1992). Because Mr. Anbudaiyan's complaint uses language from which one can reasonably infer that he is pleading in the alternative, the Department's argument lacks merit. *See*

*Holman v. State of Indiana,* 211 F.3d 399, 407 (7th Cir. 2000).

### 3. Allegations regarding earlier episodes of harassment

The Department argues that Mr. Anbudaiyan's description of the alleged harassment he says he endured at the hands of his supervisor Mr. Errett over the move to Bond County and his accumulated travel expenses should be stricken. The Department argues that these allegations are not appropriately concluded because they were not referenced in Mr. Anbudaiyan's EEOC charge. In his response, Mr. Anbudaiyan says that he is not asserting a claim based on this harassment but instead has included it to "demonstrate a complete factual background." Pl.'s Resp. at 5.

Title VII does not preclude an employee from using prior acts of discrimination as background evidence in support of a timely claim. *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002). Because the Court cannot rule out the possibility that Mr. Errett was involved in the promotion denials that Mr. Anbudaiyan challenges in this case or that the earlier episodes are in some way relevant to the challenged discrimination or retaliation, it is inappropriate to strike these allegations at this time. *See generally Giacoletto v. Amax Zinc Co.,* 954 F.2d 424, 425 (7th Cir. 1992) (earlier interactions between plaintiff and supervisors supported claim of age discrimination).

### 4. Events falling outside the 300-day window

The Department argues that Mr. Anbudaiyan's claims are time-barred to the extent they are based on alleged discriminatory acts that occurred before February 5, 2010, 300 days before he filed his EEOC charge. The law requires a plaintiff who wishes to sue under Title VII or the ADEA to first file a charge of discrimination with the

6

EEOC within three hundred days of the allegedly unlawful employment practice. *See, e.g., Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 637 (7th Cir. 2004). Because Mr. Anbudaiyan filed his EEOC charge on December 2, 2010, the Department argues that any discriminatory acts prior to February 5, 2010 cannot serve as the basis for a claim.

In response, Mr. Anbudaiyan says that he "brought only claims occurring within 300 days" of his filing of an EEOC charge. He contends, however, that earlier promotion denials were "like or reasonably related to" the June 2010 promotion denial and are thus actionable as "part of a continuous chain of conduct, as opposed to separate and distinct acts." Pl.'s Resp. at 5. (The Court notes that Mr. Anbudaiyan does not contend in his response that any earlier adverse actions other than the promotion denials are part of what he challenges in his retaliation claim.)

The Court agrees with the Department. Even if the earlier promotion denials arguably might be related to the June 2010 incident in the sense that they are claimed to arise from the same or a similar discriminatory motive, that does not entitle Mr. Anbudaiyan to challenge in this action conduct for which any claim was already time-barred before he filed an EEOC charge. A failure to promote is a discrete act that is "easy to identify" and that therefore "constitutes a separate actionable unlawful employment practice." *Morgan*, 536 U.S. at 114 (internal quotation marks omitted). There is no appropriate basis to consider these separate promotion denials as part of a single continuing violation of Title VII or the ADEA; Mr. Anbudaiyan cites no case that

7

suggests otherwise.[1]  In sum, because Mr. Anbudaiyan did not file an EEOC charge within 300 days of the earlier promotion denials, he cannot challenge them as part of his claims in this lawsuit.

The Court notes that it is a separate question whether the earlier promotion denials, though not separately actionable, might be admissible as evidence of motive or intent, or otherwise.  That, however, is a decision for another day.

5.     **Retaliation claim**

In support of his retaliation claim, Mr. Anbudaiyan alleges that the Department's adverse action against him "was taken in retaliation for [his] protected complaints and grievances of discrimination, and was an unlawful employment practice…."  Am. Compl. ¶ 42.  Mr. Anbudaiyan has not, however, identified any protected activity in his amended complaint other than his filing of an EEOC charge in December 2010, which his complaint alleges took place *after* the adverse actions of which he complains.  *See id.* ¶¶ 21-22.

In his response to the motion to dismiss, Mr. Anbudaiyan argues that "[i]t is implied, if not outright stated, that [Mr.] Anbudaiyan complained about the treatment he was subjected to by the Defendant during the course of the employment."  Pl.'s Resp. at 6.  The Court disagrees.  There is nothing in the amended complaint from which an inference can be drawn that Mr. Anbudaiyan engaged in any protected activity other

---

[1] Mr. Anbudaiyan does not allege that the promotion denials were part of a hostile work environment but were not actionable at an earlier time because the level of hostility was insufficient to support a claim.  Nor could he plausibly do so, given the immediate financial impact that a promotion denial entails.  If Mr. Anbudaiyan wanted to challenge the earlier promotion denials in Court, he should have filed timely EEOC charges challenging them.

than by filing an EEOC charge after the adverse action of which he complains. Specifically, he filed the EEOC charge two years after he did not receive the promotion which he applied for in February 2008 and six months after he was not promoted in June 2010.

For these reasons, the Court dismisses the retaliation claim, with leave to amend.

## Conclusion

For the reasons stated above, the Court dismisses Count 4 for lack of subject matter jurisdiction and Count 5 for failure to state a claim; concludes that Counts 1, 2, and 3 are limited to claims arising from the 2010 promotion denial(s); and otherwise denies defendant's motion to dismiss.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: June 29, 2012